UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERRICK WALDEN, JR.,

     Petitioner,

v.                                    Case No. 8:25-cv-2472-MSS-AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

     Respondent.
_____/

## O R D E R

Walden filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court convictions for second-degree murder and attempted armed robbery. (Doc. 1) The Respondent filed a response asserting that the petition is time barred. (Doc. 10) Walden filed a reply arguing that a post-conviction motion filed in state court tolled the one-year limitation. (Doc. 17) After reviewing the petition, the response, the reply, and the relevant state court record, the Court **DISMISSES** the petition as time barred.

## PROCEDURAL HISTORY

Walden pleaded guilty to second-degree murder and attempted armed robbery, and the trial judge sentenced him two concurrent terms of ten years in prison followed by five years of probation. (Doc. 11-2 at 28–34) Almost ten years later, the trial judge revoked probation after determining that Walden committed new crimes and

1

sentenced Walden to thirty-five years in prison for the second-degree murder conviction and a concurrent thirty years in prison for the attempted armed robbery conviction. (Doc. 11-2 at 320–23) Walden appealed, and the state appellate court affirmed. (Doc. 11-2 at 393)

Walden filed a motion to reduce his sentence (Doc. 11-2 at 397–415), the trial judge failed to rule on the motion, and the motion was deemed denied ninety days after the motion was filed. *See* Fla. R. Crim. P. 3.800(c). Also, Walden filed a motion for post-conviction relief (Doc. 11-2 at 445–69), the post-conviction court denied relief (Doc. 11-2 at 512–45), and the state appellate court affirmed. (Doc. 11-2 at 588) Walden's federal petition followed.

In his federal petition, Walden asserts that the trial judge violated his federal right to due process by determining that he violated the conditions of his probation without sufficient evidence, trial counsel deficiently performed by not filing a motion for reconsideration of the order revoking probation, trial counsel deficiently performed by not objecting to inadmissible evidence presented at sentencing, and trial counsel deficiently performed by not presenting mitigating evidence at sentencing. (Doc. 1 at 5–10)

## ANALYSIS

A one-year statute of limitation applies to a federal habeas petition challenging a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation begins to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The

limitation tolls when "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

On February 29, 2008, after Walden pleaded guilty, the trial judge entered a judgment and sentenced Walden to two concurrent terms of ten years in prison followed by five years of probation. (Doc. 11-2 at 28–34) Walden did not appeal, and the time to appeal expired thirty days later — March 31, 2008. Fed. R. App. P. 9.140(b)(3). The limitation started to run the next day and expired a year — April 1, 2009. Fed. R. Civ. P. 6(a)(1)(A). *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011).

However, after Walden completed the prison term of his sentences and began serving probation, the trial judge revoked probation and resentenced Walden to thirty-five years in prison for the second-degree murder conviction and a concurrent thirty years in prison for the attempted armed robbery conviction. (Doc. 11-2 at 320–23) Under Section 2244(d), the limitation "begins to run when the judgment pursuant to which the petitioner is in custody, which is based on both the conviction and the sentence the petitioner is serving, is final." *Ferreira v. Sec'y, Dep't Corrs.*, 494 F.3d 1286, 1293 (11th Cir. 2007). Because Walden is currently imprisoned on the sentences that the trial judge imposed after revoking probation, the limitations period reset when the trial judge entered the new sentences. *Murphy*, 634 F.3d at 1311 ("[W]hen a petitioner is resentenced after AEDPA's one-year statute of limitations has expired for the original judgment of conviction and sentence, the judgment entered upon resentencing constitutes a new judgment holding the petitioner in confinement.").

Walden appealed the order revoking probation and the new sentences (Doc. 11-2 at 332), and on August 16, 2019, the state appellate court affirmed in a decision without a written opinion. (Doc. 11-2 at 393) The state supreme court lacked jurisdiction to review the decision without a written opinion. *Jackson v. State*, 926 So. 2d 1262, 1265 (Fla. 2006). Walden could have sought further review in the United States Supreme Court. *Bates v. Sec'y, Fla. Dep't Corrs.*, 964 F.3d 1326, 1329 (11th Cir. 2020). However, Walden did not seek further review, and the time to seek further review expired ninety days after the state appellate court's decision entered — November 14, 2019. Sup. Ct. R. 13(1). Consequently, the limitation started to run the next day. Fed. R. Civ. P. 6(a)(1)(A).

The limitation ran for three days until November 18, 2019, when Walden filed a motion to mitigate his sentence under Rule 3.800(c), Florida Rules of Criminal Procedure. (Doc. 11-2 at 397–415) A Rule 3.800(c) motion tolls the limitation. *Rogers v. Sec'y, Dep't Corrs.*, 855 F.3d 1274, 1275 (11th Cir. 2017). The trial judge did not rule on the motion. However, Rule 3.800(c) deems a motion denied if a trial judge does not rule on the motion within ninety days. *Formolo v. State*, 130 So. 3d 749, 750 (Fla. 2d DCA 2014). Also, an order denying a Rule 3.800(c) motion is not appealable. *Reid v. State*, 224 So. 3d 306, 307 (Fla. 3d DCA 2017). The limitation tolled until February 17, 2020, when the Rule 3.800(c) motion was deemed denied.

The limitation ran for 336 days until January 19, 2021, when Walden filed a motion for post-conviction relief. (Doc. 11-2 at 419–43) The post-conviction court denied the motion (Doc. 11-2 at 512–45), Walden appealed (Doc. 11-2 at 547), and

4

the state appellate court affirmed. (Doc. 11-2 at 588) The limitation continued to toll until May 19, 2025, when the mandate issued on appeal. (Doc. 11-2 at 590) *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000).

The limitation resumed the next day and expired twenty-six days later — June 16, 2025. On September 10, 2025, Walden placed his federal petition in the hands of prison officials for mailing. (Doc. 1 at 15) Consequently, Walden's petition is untimely. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

In his reply, Walden contends that the Respondent failed to acknowledge that he had filed a motion, under Rule 3.800(a), Florida Rules of Criminal Procedure. (Doc. 17 at 2–3) He contends that the Rule 3.800(a) motion to correct a sentence tolled the limitation. (Doc. 17 at 4) Walden attached to his reply both a copy of the Rule 3.800(a) motion (Doc. 17-1 at 3–4) and the order dismissing the motion. (Doc. 17-1 at 6–7)

In his federal petition, Walden challenges the state court judgment in Case Number 06-CF-7674. (Doc. 1 at 1) On August 5, 2020, Walden filed the Rule 3.800(a) motion in a different case — Case Number 16-CF-5902. (Doc. 17-1 at 3) In the motion, Walden argued that he was entitled to resentencing for the second-degree murder and attempted armed robbery convictions in Case Number 06-CF-7674 because he committed the crimes before he turned eighteen. (Doc. 17-1 at 3–4) On March 26, 2021, the post-conviction court dismissed the Rule 3.800(a) motion without prejudice for Walden to file a new motion in the correct case (Doc. 17-1 at 6–7) (state court record citations omitted):

5

On January 25, 2018, Defendant pled guilty to felon in possession of a firearm. The court sentenced Defendant to five years' Florida State Prison with a three-year minimum mandatory to run concurrent with the sentences in Cases 16-CF-5455-A and 06-CF-7674-B. Defendant did not appeal.

In his motion, Defendant asserts that his sentence in Case 06-CF-7674-B is illegal "when considering he was a juvenile offender when his initial crimes occurred, and therefore, contrary to the State's [belief] at sentencing, he was entitled to statutory juvenile sentencing application upon any subsequent resentencing." Defendant asserts that changes to "Sections 775.082, 921.1401, and 921.1402 of the Florida Statutes" require "resentencing for the violation of probation [in Case 06-CF-7674-B]."

In addressing Defendant's motion, the Court finds that the aforementioned allegations do not pertain to Case 16-CF-5902, the case in which Defendant filed the instant motion. The Court finds that it is unable to address the merits of Defendant's motion as it appears to have been filed in the incorrect case number. As such, the Court finds that the instant motion must be dismissed, without prejudice, to any right he may have to file a facially sufficient motion in the appropriate case number.

It is therefore ordered and adjudged that Defendant's Motion to Correct Scoresheet is hereby dismissed without prejudice to any right he may have to file a facially sufficient motion in the appropriate case number.

The state court docket demonstrates that Walden never filed a new motion in Case Number 06-CF-7674. (Doc. 11-2 at 2) Two-hundred and thirty-three days lapsed between August 5, 2020, when Walden filed the Rule 3.800(a) motion (Doc. 17-1

6

at 3), and March 26, 2021, when the order dismissing the motion entered. (Doc. 17-1 at 6–7)[1]

Only a "properly filed" post-conviction motion tolls the limitation. 28 U.S.C. § 2244(d)(2). If Walden had properly filed a new Rule 3.800(a) motion in Case Number 06-CF-7674, the new motion would relate back to the earlier motion filed in the incorrect case. *Morris v. Sec'y, Fla. Dep't Corrs.*, 991 F.3d 1351, 1354 (11th Cir. 2021). However, because Walden did not correct the filing deficiency, the motion did not toll the limitation. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.") (italics in original and footnote omitted). *Sibley v. Culliver*, 377 F.3d 1196, 1202 (11th Cir. 2004) ("[E]ven if the Alabama Supreme Court had a duty to forward Sibley's misfiled application to the court that convicted him, its failure to actually do so precludes him from invoking statutory tolling under § 2244(d)(2)'s no-fault standard.").

Equitable tolling applies to a Section 2254 petition and requires the petitioner to demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v.*

---

[1] On January 19, 2021, Walden timely and properly filed a motion for post-conviction relief. (Doc. 11-2 at 419–43) Consequently, on that day, the limitation resumed tolling. 28 U.S.C. § 2244(d)(2).

*Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, because the post-conviction court advised Walden to seek further relief by filing a new motion in the correct case and did not mislead Walden, equitable tolling does not apply. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("[E]quitable tolling may be warranted when a government official has misled a petitioner.") (citations omitted).

Accordingly, Walden's petition (Doc. 1) for a writ of habeas corpus is **DISMISSED** as time barred. The Clerk is **DIRECTED** to enter a judgment against Walden and **CLOSE** this case.

### DENIAL OF CERTIFICATE OF APPEALABILITY AND
### LEAVE TO PROCEED *IN FORMA PAUPERIS*

Because Walden neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida on June 1, 2026.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE